

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JD:DJL
F. #2018R001181

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 13, 2019

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Jeffrey Faustin
              Criminal Docket No. 18-361 (AMD)

Dear Judge Donnelly:

      The government respectfully submits this letter in advance of the defendant's sentencing, which is scheduled for February 20, 2019 at 11:30 a.m. For the reasons set forth below, the government respectfully submits that the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") range set forth in the Presentence Investigation Report dated December 19, 2018 (the "PSR") is correct. The government respectfully requests that the Court impose a sentence within the applicable Guidelines range of 15 to 21 months.

      The government writes in response to the defendant's sentencing letter dated February 6, 2019.

I.     Factual Background

      On August 17, 2017 the defendant deliberately left a loaded firearm in a backpack in a trash collection room of his apartment building. (PSR ¶ 3-4). That room is a public room that any tenant could have walked into and found the gun. Id. As the surveillance video showed, children of various ages walked past that trash room in the time between when the defendant left the gun and when it was recovered. Luckily, a maintenance worker was the first to find the backpack. (PSR ¶ 5). The maintenance worker believed that the bag might have been accidentally discarded or contain children's books, so he opened the backpack to find a silver revolver, silver bullets in a clear ziplock bag. Id.

      Concerned for the safety of the tenants, the maintenance worker took the bag with the gun into the basement where he notified security staff who contacted the New York City Police Department ("NYPD"). Id.

NYPD officers along with the security staff reviewed the security surveillance video which showed the defendant outside the trash room with the backpack that the gun was discarded in. (PSR ¶ 6). Subsequent DNA testing recovered from the firearm and on a cigarette butt matched the DNA to the defendant. Id.

The defendant has a prior felony conviction for attempted criminal possession of a weapon in the second degree. (PSR ¶ 7). He was sentenced to a two-year prison term on September 29, 2014 in Kings County Supreme Court in Brooklyn, New York. Id.

II. The Legal Standard for Sentencing

In United States v. Booker, 125 S. Ct. 738, 743 (2005), which held that the Guidelines are advisory, the Supreme Court made clear that district courts are still "require[d] . . . to consider Guidelines ranges" in determining a sentence, but also may tailor the sentence in light of other statutory concerns. See 18 U.S.C. § 3553(a). After Booker, the Second Circuit held that "sentencing judges remain under a duty with respect to the Guidelines . . . to 'consider' them, along with the other factors listed in section 3553(a)." United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005).

In Gall v. United States, 128 S. Ct. 586 (2007), the Supreme Court elucidated the proper procedure and order of consideration for sentencing courts to follow: "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall, 128 S. Ct. at 596 (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented." Id. at 596-97 (citation and footnote omitted).

III. Guidelines Calculation

The government agrees with the Guidelines calculation set forth in the PSR. The PSR calculates the offense level to be 12 with a Criminal History Category of III, as outlined below.

| | |
|---|---|
| Base Offense Level (U.S.S.G. § 2K2.1(a)(4)(A) | 14 |
| Less: Acceptance of Responsibility | -2 |
| Total: | 12 |

PSR ¶12-21.

The total offense level of 12 carries an advisory Guidelines range or 15 to 21 months, given that the defendant falls within Criminal History Category III. (PSR ¶ 62).

2

IV.     The Appropriate Sentence

The government respectfully submits that the sentencing factors outlined in 18 U.S.C. § 3553(a) suggest that a sentence within the advisory Guidelines range is appropriate. In particular, such a sentence is sufficient but not greater than necessary to reflect the nature and circumstances of the offense and the history and characteristics of the defendant, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. See 18 U.S.C. § 3553(a)(1), (2).

In particular, the Guidelines range accurately reflects the seriousness of the defendant's conduct. See 18 U.S.C. § 3553(a)(1), (a)(2)(A). Notably, the crime of felon-in-possession reflects a continuing disrespect for the law and raises an "inherent risk of violence." United States v. Munlyn, 607 F. Supp. 2d 394, 399 (E.D.N.Y. 2009) (JFB); see also United States v. Dillard, 214 F.3d 88, 94 (2d Cir. 2000) (finding that "possession of a gun by its nature gives rise to a risk of its use in violence"). That risk is certainly apparent here. The defendant knew that he was not supposed to be carrying a gun. He had recently been convicted of attempted criminal possession of a weapon in Kings County Supreme Court. Not only was the defendant in possession of a firearm, but he then left that firearm in a backpack in a public room of his apartment building where any tenant could have found it. His conduct demonstrated a reckless disregard for the safety of others.

Moreover, the Guidelines range fairly reflects the history and characteristics of the defendant. See 18 U.S.C. § 3553(a)(1). As noted above, the defendant has previously been convicted of attempted criminal possession of a weapon in the second degree. (PSR ¶ 23). The conviction stemmed from a July 11, 2013 911-call from a victim who reported the defendant banging on her apartment door only to then leave the building, go outside and stand on a street corner pointing what appeared to be a firearm in the direction of her apartment. Id. The victim heard a gunshot, then moved away from the window and heard additional shots. Id. When officers responded to the 911-call, a bullet hole was observed in the bedroom window, several additional bullet holes were found in an exterior wall to the bedroom, and corresponding shell casings were recovered from the ground where the victim observed the defendant standing. Id. Following the defendant's arrest, he admitted to committing the offense. Id.

The defendant is no stranger to reckless behavior. His conduct here exhibited similar recklessness. And, despite his prior conviction, the defendant was not deterred from the instant criminal conduct. As a result, a sentence within the Guidelines range is necessary to provide adequate deterrence to future criminal conduct on the part of the defendant. See 18 U.S.C. § 3553(a)(2).

Gun violence in Brooklyn and in New York City as a whole causes significant suffering and hardship on law-abiding residents. Without a meaningful consequence for the illegal possession of firearms, there is limited incentive for individuals to refrain from carrying them. As such, a Guidelines sentence is warranted to deter the defendant from criminal conduct

3

in the future, as well as to deter others contemplating similar acts. See 18 U.S.C. § 3553(a)(2)(B).

V. <u>Conclusion</u>

For the foregoing reasons, the government respectfully requests that the Court impose a sentence within the applicable Guidelines range of 15 to 21 months.

Respectfully submitted,

RICHARD P. DONOGHUE<br>
United States Attorney

By:   /s/ David J. Lizmi<br>
David J. Lizmi<br>
Assistant U.S. Attorney<br>
(718) 254-7010

cc:    Mia Eisner-Grynberg, Esq. (by ECF)
      Clerk of the Court (AMD) (by ECF)